Dismissed and Memorandum Opinion filed April 14, 2005









Dismissed and Memorandum Opinion filed April 14, 2005.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-05-00158-CV

____________

 

DAVID CHACE,
Appellant

 

V.

 

CARRIE LYNN CHACE,
Appellee

 



 

On Appeal from the
328th District Court

Fort Bend County,
Texas

Trial Court Cause No.
03-CV-129829

 



 

M E M O R A N D U M   O P I N I O N

This is an attempted accelerated appeal from an order, signed
February 7, 2005, denying appellant=s request for a motion for sanctions
to be heard by a mediator.

In her brief, appellee argues that the order is not
appealable.  Appellee contends this case
does not involve an order under the Texas Arbitration Act, but instead concerns
mediation under Chapter 6 of the Family Code, which does not provide for
appeal.








This is a divorce case. 
In August 2004, the parties entered into a Asettlement agreement@ that provided for referral to a
mediator existing discovery disputes regarding property.  The record does not show whether that
mediation occurred.  By notice dated
December 2, 2004, the case was set for jury trial on March 8, 2005 before the
associate judge.  Appellee moved for
discovery sanctions in motions filed January 14, 2005, and January 19,
2005.  On January 26, 2005, appellant
filed a motion requesting that the motions for sanctions be submitted to the
mediator.  The order denying this request
is the order from which appellant appeals.

An order denying an application for arbitration is made
appealable by statute.  Tex. Civ. Prac. & Rem. Code Ann. ' 171.098(a)(1) (Vernon Supp.
2004-05).  However, the statute specifies
that a party may appeal an order Adenying an application to compel
arbitration made under Section 171.021.@ 
Tex. Civ. Prac. & Rem. Code
Ann. ' 171.098(a)(1) (Vernon Supp.
2004-05)(emphasis added).  Thus, only
requests for arbitration made under section 171.028 are subject to the
provision for interlocutory appeal.

The request in this case asked for submission of a motion for
sanctions to a mediator, to whom the parties had previously agreed to submit a
discovery dispute.  This is not a request
for arbitration made under section 171.021. 
Instead, the request in this case was for the judge to submit a
sanctions motion to a mediator pursuant to an earlier agreement that was made
in accordance with section 6.602 of the Family Code.  See Tex.
Fam. Code Ann. ' 6.602(a) (Vernon Supp. 2004-05)(provides for referral of a
suit to mediation upon written agreement of the parties).  The Family Code does not provide for
interlocutory appeal of an order concerning a mediation agreement.  Accordingly, no authority supports our
jurisdiction over this interlocutory order.

Because we find we have no jurisdiction, we order the appeal
dismissed.

 

PER CURIAM

 

Judgment rendered and Memorandum
Opinion filed April 14, 2005.

Panel consists of Justices Yates,
Anderson, and Hudson.